UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICKA MESSINA** | **CIVIL ACTION NO: 3:23-cv-352** |
| **VERSUS** | **JUDGE:** |
| **GENERAL MOTORS, LLC** | **MAG. JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, ERICKA MESSINA (hereinafter "MESSINA" and/or "PLAINTIFF"), a person of the age of majority who resides in Bossier Parish and is a citizen of the State of Louisiana, who alleges the following against **GENERAL MOTORS, LLC** (hereinafter "GM" and/or "DEFENDANT"):

### INTRODUCTION

1.   Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), *Chapter 15 U.S.C.A § 2301*, *et. seq.*, and Redhibition pursuant to *La.C.C. Art. 2520, et seq.*

### JURISDICTION AND VENUE

2.   This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367*.

3.   This Court has personal jurisdiction over Defendant who conducts business in the State of Louisiana, including the Middle District of Louisiana.

-1-

4. Venue is proper in this district under *28 U.S.C. §1391* because the Defendant resides in the Middle District of Louisiana.

## PARTIES

5. Plaintiff is an adult individual residing in Bossier City, Louisiana.

6. Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a foreign limited liability company, with its principal place of business in Michigan that is qualified to do and regularly conducting business in the State of Louisiana, with its registered and principal place of business in the State of Louisiana located at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802 and who can be served through their agent for service of process Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

7. Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiff purchased the Vehicle and tendered the Vehicle for repairs.

## FACTUAL ALLEGATIONS

8. On or about January 24, 2022 Plaintiff purchased a 2022 Cadillac Escalade Sport from Ross Downing Chevrolet located at 1301 S Morrison Blvd, Hammond, LA 70403 bearing the Vehicle Identification Number 1GYS3GKL3NR171676 (hereinafter the "Vehicle").

9. At all times relevant hereto, the subject vehicle was registered in the State of Louisiana.

10. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $125,919.00.

11. In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

12. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

13. The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

14. The subject is afflicted with certain defects, conditions and non-conformities related to the Vehicle's interior, engine, transmission and computer.

15. Plaintiff delivered the Vehicle to Defendant's authorized service and repair facility, ORR Cadillac ("Service Facility") located at 7581 E. Kings Hwy, Shreveport, LA 71105, to remedy these concerns on March 4, 2022 through December 6, 2022, which are covered by the warranty issued by Defendant, on occasions and as a result of these defects/non-conformities, the Vehicle was out of service for an excessive number of days.

16. Upon information and belief therein, the defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship and present reliability and safety concerns for the Plaintiff with regards to the Vehicle.

17. Upon information and belief, the vehicle remains in a defective and/or unreliable state and is substantially impaired.

## CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability
### Pursuant to the Magnuson-Moss Warranty Act

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff is a "consumer" as defined in *15 U.S.C. § 2301(3)*.

20. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

21. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

22. The Vehicle was subject to implied warranties of merchantability, as defined in *15 U.S.C. § 2308*, running from the Defendant to the Plaintiff.

23. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

24. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

25. Indeed, the Vehicle suffered from engine defects that prevented the Plaintiff from being able to properly use the Vehicle.

26. The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby

exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

27. Plaintiff notified the Defendant of the defects in the Vehicle within a reasonable time after the Plaintiff discovered them.

## CAUSE OF ACTION

## REDHIBITION - LA.C.C.ART. 2520, et seq.

28. The Vehicle is a "thing" under LOUISIANA CIVIL CODE, Articles 2520, *et seq.*

29. GM manufactured the Vehicle and is a "manufacturer" under LOUISIANA CIVIL CODE, Articles 2520, *et seq.*

30. GM is the manufacturer of the Vehicle and is deemed to know that the Vehicle they manufactured and was ultimately sold to MESSINA, possessed a redhibitory defect pursuant to LOUISIANA CIVIL CODE Article 2545.

31. MESSINA is the "buyer" under in LOUISIANA CIVIL CODE, Articles 2520, *et seq.*

32. The defects described met the definition of a redhibitory defect in LOUISIANA CIVIL CODE, Articles 2520, et seq. Specifically, the defects described herein rendered the Vehicle useless times and so inconvenient that Plaintiff would not have purchased the Vehicle had he known of the defects described herein.

33. Plaintiff has performed all things agreed to and required of her under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

34. The defects described herein existed at the time of delivery to the seller.

35. As a direct and proximate result of GM's violation of its obligations under Louisiana laws as a bad faith seller, MESSINA has suffered and the Defendants are indebted to MESSINA for those damages allowed by law.

## DAMAGES

36. Plaintiff seeks the following damages:

   a. Return the price to the Plaintiff with interest from the time it was paid;

   b. Reimburse the Plaintiff for the reasonable expenses occasioned by the sale;

   c. Reimburse the Plaintiff for all costs incurred to preserve the Vehicle;

   d. A reduction of purchase price;

   e. Actual, consequential, and incidental damages allowed by law;

   f. The loss of use of the Vehicle while the vehicle was useless and in the shop for repair;

   g. The cost of repairs related to these defects;

   h. Inconvenience and aggravation;

   i. Out of pocket expenses;

   j. Reasonable attorney fees;

   k. Costs;

   l. Pre-judgment and post judgment interest, when allowed by law;

   m. All other damages allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, **Ericka Messina**, respectfully prays for judgment as follows:

a. An order approving revocation of acceptance and/or return of purchase price of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b. Reasonable attorney's fees and costs and the determination of which damages, if allowed by law shall be trebled, in the event that Plaintiff prevail at a trial on the merits;

c. As an alternative, if the merits justify same, an award for the difference between the value of the goods as warrantied and the value of the goods as accepted and/or a reduction of purchase price:

d. Incidental and consequential damages allowed by law; and

e. Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**Attorney-in-Charge for Plaintiff,
ERICKA MESSINA**